**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

**Debtor(s)** James H. Coleman                    Case No. 4:24-bk-12384

# Arkansas Chapter 13 Plan
(Local Form 13-1)

_____

**Original Plan** ☒       **Amended Plan** ☐       **For an amended plan, all applicable provisions must be repeated from the previous plan(s). Provisions may not be incorporated by reference from previously filed plan(s).**

List below the sections of the plan that have been changed:
_____

State the reason(s) for the amended plan, including any changes of circumstances below. If creditors are to be added, please complete Addendum A as well as file any appropriate amended schedules.
_____
_____

The Amended Plan is filed:    ☐ Before confirmation
                              ☐ After confirmation

## Part 1: Notices

**To Debtor(s):** **This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with local rules and judicial rulings may not be confirmable.**

**Original plans and amended plans must have matrix(ces) attached or a separate certificate of service should be filed to reflect service in compliance Fed. R. Bankr. P. 2002.**

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.** You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one. If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file a written objection to confirmation with the United States Bankruptcy Court either electronically (if filer is approved for electronic filing) or at the following addresses:

- **For Eastern District cases** (Delta, Northern, or Central ***Batesville and Pine Bluff filed prior to 11/28/2019***) Divisions): United States Bankruptcy Court, 300 West 2nd Street, Little Rock, AR 72201

- **For Western District cases** (El Dorado, Fayetteville, Fort Smith, Harrison, Hot Springs, or Texarkana Divisions): United States Bankruptcy Court, 35 E. Mountain Street, Fayetteville, AR 72701

**The objection should be filed consistent with the following timelines:**

☒ **Original plan filed *at the time* the petition is filed:** Within 14 days after the 341(a) meeting of creditors is concluded.

☐ **Original plan filed *after* the petition is filed or amended plan (only if filed *prior* to the 341(a) meeting):** Within the *later* of 14 days after the 341(a) meeting of creditors is concluded or 21 days after the filing of the plan.

☐ **Amended plan:** Within 21 days after the filing of the amended plan.

**The court may confirm this plan without further notice if no objection to confirmation is timely filed.**

The following matters may be of particular importance. *Debtor(s) must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

| | | | |
|---|---|---|---|
| 1.1 | A limit on the amount of a secured claim, set out in Section 3.4, which may result in a partial payment or no payment at all to the secured creditor. | ☐ Included | ☒ Not included |
| 1.2 | Nonstandard plan provisions, set out in Part 8. | ☐ Included | ☒ Not included |

## Part 2: Plan Payments and Length of Plan

**2.1  The debtor(s) will make regular payments to the trustee as follows**:

**Original plan:** The debtor(s) will pay $340 per month to the trustee. The plan length is 60 months.

Amended plan: Plan payments will change to $_____ per month beginning on the later of the date of filing of the amended plan or _____. The plan length is _____ months.

**2.2  Payments shall be made from future income in the following manner:**
Name of debtor James H. Coleman

☒ Direct pay of entire plan payment or _____ (portion of payment) per month.

**2.3  Income tax refunds.**
☒ Debtor(s) will retain income tax refunds received during the plan term and have allocated the refunds in the budget.
_____

**2.4  Additional payments.**
☒ **None**. *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

## Part 3: Treatment of Secured Claims

**3.1  Adequate Protection Payments.**
☐ **None**. *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*
☒ The debtor(s)' plan payment to the trustee will be allocated to pay adequate protection payments to secured creditors as indicated below. The trustee shall be authorized to disburse adequate protection payments upon the filing of an allowed claim by the creditor. Preconfirmation adequate protection payments will be made until the plan is confirmed. Postconfirmation adequate protection payments will be made until administrative fees are paid (including the initial attorney's fee). Payment of adequate protection payments will be limited to funds available.

| Creditor and last 4 digits of account number | Collateral | Monthly payment amount | To be paid |
|---|---|---|---|
| Performance Finance | 2015 Can Am Spyder F3 | $100 | ☒ Preconfirmation<br>☐ Postconfirmation |

**3.2  Maintenance of payments and cure of default (long term-debts, including debts secured by real property that debtor(s) intend to retain).**
☐ **None**. *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*
☒ The debtor(s) will maintain the current contractual installment payments on the secured claims listed below, including any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. The debtor(s) will resume payments to the creditors upon completion of the plan, pursuant to the terms of the respective agreements. Any existing arrearage will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated.
The current contractual installment payments for real estate may be increased or decreased, and the plan payment increased, if necessary, based upon information provided by the creditor and upon the absence of objection from the debtor(s) under applicable rules. Unless otherwise ordered by the court, the amounts listed on a filed and allowed proof of claim will control over any contrary amounts listed below as to the current installment payment and arrearage amount. **If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the court, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan.**

| Creditor and last 4 digits of account number | Collateral | Monthly installment payment | Monthly installment payment disbursed by | Estimated arrearage amount | Monthly arrearage payment | Interest rate, if any, for arrearage payment |
|---|---|---|---|---|---|---|
| Freedom Mortgage | Property @ 385 Calvary Circle, Lonoke, AR 72086 | $1,122.06 | ☒ Debtor(s)<br>☐ Trustee | - | - | - |

**3.3  Secured claims excluded from 11 U.S.C. § 506 (non-506 claims).**
☐ **None**. *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*
☒ Claims listed in this subsection consist of debts that were:
(1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle

acquired for the personal use of the debtor(s) ("910 car claims"), or
(2)  incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value ('PMSI within one year").

The creditors below will retain their liens and secured claims will be paid in full under the plan at the monthly payment and interest at the rate stated below. Unless otherwise ordered by the court, the claim amounts listed on a filed and allowed proof of claim will control over any contrary amounts listed below, except as to value, interest rate and monthly payment.

| Creditor and last 4 digits of account number | Collateral | Purchase date | Debt/ estimated claim | Value of collateral | Interest rate | Monthly payment |
|---|---|---|---|---|---|---|
| Performance Finance | 2015 Can Am Spyder F3 | - | $3,500 | $3,500 | 6% | $67.66 |

**3.4**  **Claims for which § 506 valuation is applicable**. **Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.**
☒ **None**. *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

**3.5**  **Surrender of collateral.**
☐ **None**. *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*
☒ The debtor(s) surrender to each creditor listed below the collateral that secures the creditor's claim in accordance with 11 U.S.C. § 1325(a)(5)(C). The debtor(s) request that upon confirmation of this plan, the stay under 11 U.S.C. §§ 362(a) and 1301(a) be terminated as to the collateral only. No further payments are to be made to the creditor for the secured claim. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 5 below. Unless otherwise ordered by the court, to the extent that the debtor(s) become entitled to proceeds upon disposition of the collateral, the proceeds will be remitted to the trustee.

| Creditor and last 4 digits of account number | Collateral to be surrendered |
|---|---|
| GMC Financial | 2022 GMC Terrain, surrender interest to co-debtor |

**3.6**  **Secured claims not provided treatment.**  In the event that a secured claim is filed and allowed that is not provided treatment in the plan, the trustee shall pay such creditor the claim amount *without interest* after this plan in all other respects has been completed.

# Part 4: Treatment of Fees and Priority Claims

**4.1**  **General.**
Trustee's fees and all allowed priority claims, including domestic support obligations, will be paid in full without postpetition interest.

**4.2**  **Trustee's fees.**
The trustee's fees are governed by statute and may change during the course of the case.

**4.3**  **Attorney's fees.**
The attorney's fee is subject to approval of the court by separate application. The following has been paid or will be paid if approved by the court:
  Amount paid to attorney prior to filing:   $0
  Amount to be paid by the trustee:   $4,300 + $71.50 mailing fees
  Total fee requested:   $4,371.50
Upon confirmation, the attorney shall receive an initial fee as provided in the application and approved by the court from funds paid by the debtor(s), after administrative costs have been paid. The remaining fee will be paid at the percentage rate of the total disbursed to creditors each month provided in the application approved by the court.

The initial fee and percentage rate requested in the application are $1,200 and 25%, respectively.

**4.4**  Priority claims other than attorney's fees and those treated in § 4.5.

Filed and allowed priority claims (usually tax claims), including without limitation, the following listed below, will be paid in full in accordance with 11 U.S.C. § 1322(a)(2), unless otherwise indicated. For claims filed by governmental units, the categorization of the claim by the creditor (secured, priority, nonpriority unsecured) and amounts shall control over any contrary amounts unless otherwise ordered by the court.

**4.5**  **Domestic support obligations.**
☒ **None**. *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

# Part 5: Treatment of Nonpriority Unsecured Claims

**5.1**  **Nonpriority unsecured claims.**
Allowed nonpriority unsecured claims shall be paid at least as much as they would receive if the debtor(s) filed a Chapter 7 case. **Allowed nonpriority unsecured claims shall be paid in full (100%) unless a different treatment is indicated below.** For above median income debtor(s), the distribution to unsecured creditors includes any disposable income pool (monthly disposable income times 60 months) from Form 122C-2, unless the debtor(s) are unable to meet the disposable income pool based on the following circumstances: _____
_____
☒ A PRORATA dividend, including disposable income pool amounts, if applicable, from funds remaining after payment of all other classes of claims; or
☐ Other.  Please specify _____.

**5.2**  **Special nonpriority unsecured claims and other separately classified nonpriority unsecured claims.**

☒ **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*
5.3  **Maintenance of payments and cure of any default on nonpriority unsecured claims.**
☒ **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

## Part 6: Contracts, Leases, Sales and Postpetition Claims

6.1  **Executory Contracts and Unexpired Leases.**
☒ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*
6.2  **Sale of assets.**
☒ **None.** *If "None" is checked, the rest of § 6.2 need not be completed or reproduced.*
6.3  **Claims not to be paid by the trustee.**
☐ **None.** *If "None" is checked, the rest of § 6.3 need not be completed or reproduced.*
☒ The following claims are to be paid directly to the creditor by the debtor(s) and not by the trustee. These claims include home mortgage, lease payments, and debts actually being paid by a party other than the debtor(s) (who is liable for the debt) from property that is not property of the estate.

| Creditor | Payment to be paid by | Description of property/nature of obligation |
|---|---|---|
| Freedom Mortgage | ☒ Debtor(s)<br>☐ Other _____ | Property @ 385 Calvary Circle, Lonoke, AR 72086 |

6.4  **Postpetition claims.**
☒ **None.** *If "None" is checked, the rest of § 6.4 need not be completed or reproduced.*
☐ Postpetition claims pursuant to 11 U.S.C. §§ 1305 and 1322(b)(6) may be added to the plan by the debtor(s) and, if the creditor elects to file a proof of claim with respect to the postpetition claim, the claim may be treated as though the claims arose before the commencement of the case, to be paid in full or in part through the plan. Upon completion of the case, any unpaid balance of such claim may be subject to discharge.

## Part 7: Vesting of Property of the Estate

7.1  **Property of the estate will vest in the debtor(s) upon:**
☐ plan confirmation.
☒ entry of discharge.
☐ other: _____

## Part 8: Nonstandard Plan Provisions

☒ **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*
*Under Bankruptcy Rule 3015.1(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Official Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.*
8.1  The following plan provisions will be effective only if there is a check in the box "included" in § 1.2.

## Part 9: Signatures

**By filing this document, the attorney for the debtor(s) or the debtor(s) themselves, if not represented by an attorney, certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in plan form used in the Eastern and Western Districts of Arkansas, other than any nonstandard provisions included in Part 8.**

/s/ Kent Pray
_____   Date July 22, 2024
**Signature of Attorney for Debtor(s)**

## Addendum A – For Amended Plans
## Listing of Additional Creditors and Claims for Plan Purposes

Note: While additional creditors may be listed on Addendum A, the debtor(s) also must file amended schedules as appropriate.

**A.1  Prepetition Nonpriority Unsecured Claims.**
The following are creditors with prepetition nonpriority unsecured claims that are added to the plan. These creditors will be provided treatment as described in Part 5.1 of the plan.

**A.2  Postpetition Nonpriority Unsecured Claims.**
The following are creditors with postpetition nonpriority unsecured claims pursuant to 11 U.S.C. §§ 1305 and 1322(b)(6) that are added to the plan by the debtor(s). The creditors listed below are entitled to participate in the debtor(s)' bankruptcy case at the election of the creditor.
**A creditor may elect to participate in the plan by filing a proof of claim for the postpetition claim. The claim will be treated as though the claim arose before the commencement of the case and will be provided treatment as described in Part 5.1 of the plan. Upon completion of the plan and case, any unpaid balance of such claim may be subject to discharge.**

CERTIFICATE OF MAILING

I, the undersigned, hereby certify that copies of the foregoing notice and attached Plan have been mailed or provided through ECF to the following:

Legal Division
Employment Security Div.
P. O. Box 2981
Little Rock, AR 72203

Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101

Legal Division
Dept. of Finance & Admin.
P.O. Box 1272
Little Rock, AR 72203

U. S. Attorney
Eastern District
P. O. Box 1229
 **(ECF)**

Jack W. Gooding
Chapter 13 Standing Trustee
P.O. Box 8202
Little Rock, AR 72221-8202
**(ECF)**

and to all creditors whose names and addresses are set forth below:

Dated: July 22, 2024

    \s\ Kent Pray

    _____
    Kent Pray, Bar No. 91228
    Christian W. Frank, Bar No. 01219
    PRAY LAW FIRM, P.A.
    P. O. Box 94224
    N. Little Rock, AR  72190
    (501) 771-7733

**Citi Cards**
PO Box 6406
Sioux Falls, SD 57117-6406

**Citibank**
PO Box 790040
Saint Louis, MO 63179-9819

**Crown Asset Management, LLC**
3100 Breckinridge Blvd.
Suite 725
Duluth, GA 30096

**District Court Lonoke County**
208 North 1st Street
Cabot, AR 72023

**First Arkansas Bank & Trust**
PO Box 827
Jacksonville, AR 72078-0827

**First National Credit Card**
PO Box 2677
Omaha, NE 68103-2677

**Freedom Mortgage**
P.O.Box 8068
Virginia Beach, VA 23450

**GMC Financial**
PO Box 78143
Phoenix, AZ 85062-8143

**Home Depot**
PO Box 6028
The Lakes, NV 88901

**Lonoke County Circuit Court**
301 N Center St # 301
Lonoke, AR 72086

**Love, Beal & Nixon, PC**
PO Box 32738

Oklahoma City, OK 73123

**Lvnv Funding**
PO Box 10584
Greenville, SC 29603

**Merrick Bank**
PO Box 660702
Dallas, TX 75266-0702

**Midland Credit**
8875 Aero Dr. 200
San Diego, CA 92123

**Mission Lane LLC**
PO Box 23075
Columbus, GA 31902-3075

**Patsy Coleman**
385 Calvary Circle
Lonoke, AR 72086

**Patsy S. Coleman**
385 Calvary Circle
Lonoke, AR 72086-9173

**Performance Finance**
P O Box 5108
Oak Brook, IL 60523-5108

**Portfolio Recovery**
120 Corporate Blvd.
Norfolk, VA 23502

**Resurgent Capital Services**
PO Box 10587
Greenville, SC 29603-0587

**Second Round Sub LLC**
Miller & Stenno, LLC

11970 Borman, STe 250
Saint Louis, MO 63146

**Synchrony Bank**
Attn: Bankruptcy Dept.
PO Box 71783
Philadelphia, PA 19176-1783